AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Western District of Texas

**FILED**
July 06, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____SL_____
DEPUTY

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 1:23-mj-426-SH |
| Harsimran Dhaliwal | ) | |
| | ) | **SEALED** |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 7-June 13, 2022__ in the county of __Travis__ in the __Western__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 2 & 922(a)(6)(A) | Aiding and abetting knowingly making a false statement or representation with respect to the information required to be kept in the records of a licensed Federal Firearms Dealer. |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Nathan Sheldon, ATF Special Agent
*Printed name and title*

Sworn to me by telephone under Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: 07/05/2023

_____
*Judge's signature*

City and state: Austin, Texas

United States Magistrate Judge Susan Hightower
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Nathan Sheldon ("Affiant"), being first duly sworn, hereby depose and state as follows:

## BACKGROUND

1. Your Affiant is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and has held this title and position since 2005. Prior to my employment with ATF, your Affiant was employed as a United States Border Patrol Agent.

2. During my tenure as an ATF Special Agent, I have initiated and conducted numerous investigations of criminal activity, including the investigation of firearms smuggling, the selling of firearms by persons to prohibited persons, export control (smuggling) violations, as well individuals unlawfully dealing firearms for profit and/or gain who have not been issued license to be an ATF Federal Firearms Licensee ("FFL"), which is needed to be engaged in such activity.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses in this investigation. This affidavit is intended to show merely that there is sufficient probable cause for the requested arrest warrant and does not set forth all of my knowledge about this matter.

## INTRODUCTION

4. Title 18, United States Code, Sections 922(a)(6)(A) makes it unlawful for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, to knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of firearm.

5. E-trace is an internet-based system that allows participating law enforcement agencies to submit firearm traces to the ATF National Tracing Center ("NTC"). In general, E-tracing provides records of the movement of firearms recovered by law enforcement officials

from the first sale by the manufacturer or importer through the distribution chain (wholesale/retailer) to the first retail purchase. E-trace is also used to document the sale or disposition of two (2) or more firearms if the sale occurs at the same time or within five (5) consecutive business days of each other. E-trace does not include single purchases or secondary market purchases.

6. A Firearms Transaction Record, known as an ATF Form 4473 ("Form 4473"), is a form promulgated by ATF and required by law that is filled in when a person purchases a firearm from a FFL holder. It reads in relevant part: "Warning: You are not the actual buyer if you are acquiring the firearm(s) on behalf of another person." The form states above the signature line: "I also understand that making any false oral or written statement, or exhibiting ay false or misrepresented identification with respect to this transaction is a crime punishable as a felony under Federal law, and may also violate State and/or local law. *I further understand that the repetitive purchase of firearms for the purpose of resale for livelihood and profit without a Federal firearms license is a violation of law*...." (emphasis added).

7. ATF defines "time to crime" ("TTC") as the period of time, measured in days, between the firearms acquisition from a retail market and law enforcement's recovery of that firearm during use, or suspected use, in a crime. A shorter period of time between acquisition and a crime is an indicator of illegal firearms trafficking. When several short TTC traces involve the same individual or FFL, or when a short TTC trace is coupled with multiple sales information, this is also an indication of illegal firearms trafficking activity.

8. For purposes of this investigation, I researched Canadian firearms laws. Based on my research, I learned the following. Firearms in Canada fall into three categories: non-restricted, restricted, and prohibited. Firearms which fall into the prohibited category are, among other things, handguns with barrels equal to or less than 105 mm (4.1 inches) in length. In order to legally possess prohibited firearms, the laws in Canada require a Possession and Acquisition License ("PAL"). Restricted firearms are handguns which are not prohibited firearms as described above, have a barrel less than 470mm (16 inches), are capable of discharging centre-fire ammunition, and firearms designed or adapted to be fired when reduced to a length of less than 660 mm (25.9 inches) by folding, telescoping, or otherwise. The typical permitted purposes for ownership of these types of weapons is for target practice or target shooting competitions, as part of a collection or use in connection with one's lawful profession or occupation, or to protect

life. The third category, non-restricted, is any rifle or shotgun that is neither restricted nor prohibited. Most common long guns are non-restricted.

9. In order to legally possess prohibited firearms, Canadian laws require a Possession and Acquisition License (PAL) and both the firearm and licensee have to have been "grandfathered" into the registration prior to 1998. Because of this, many firearms, specifically handguns, are highly desirable on the black market. It is not uncommon for firearms which are bought for approximately $500 in the United States to be smuggled into Canada and resold at 10 times that cost. In calendar year 2022, approximately 30% of all foreign-sourced Canadian crime gun recoveries were determined to have originated from purchases originally transacted in Texas. As such, Texas is the #1 foreign source of Canadian crime gun. All of the firearms listed in this affidavit are prohibited firearms because they have barrel lengths of less than 105mm(4.1 inches).

## PROBABLE CAUSE

10. On November 2, 2022, the Edmonton (Canada) Police Service Drugs and Gangs Enforcement Unit executed a search warrant at a residence in Edmonton, Alberta, Canada. Found during the search was a Glock, Model 26, SN: PKM 992, approximately 3 kilograms of cocaine, and numerous other types of illegal substances to include Xanax, oxycodone, cannabis gummies, and psilocybin. The firearm information was entered in ATF's E-trace system which revealed that Straw Purchaser #1 ("SP1") purchased the firearm on March 11, 2022 from an (FFL) located in Austin, Texas. Time to Crime was 237 days.

11. A further search of E-trace revealed that SP1 had purchased a Taurus, Model G3C, 9mm pistol, SN: 1KA11089 and a Glock, Model 26, 9mm caliber pistol, SN: PKM992 (firearm recovered) from a FFL located in Austin, Texas on the same day, March 11, 2022.

12. SP1 also purchased a Glock, Model 43X, 9mm pistol, SN: BMNR229 and a Glock, Model 26, 9mm caliber pistol, SN: WEG079 from a FFL located in Austin, Texas on April 12, 2022.

13. SP1 also purchased a Glock, Model 43, 9mm pistol, SN: BDXE121 and a Glock, Model 43, 9mm caliber pistol, SN: AFZC322 from a FFL located in Austin, Texas on April 25, 2022.

14. On April 13, 2023, your affiant interviewed SP1 about the firearms purchased. SP1 said they no longer have any of the firearms. Further this individual stated some were gifted to a family member and the other was gifted to an associate (TRAFFICKER).

15. Your affiant queried E-trace and learned that TRAFFICKER purchased a Sig Sauer, Model P250, .9mm pistol, SN EAK173164, a Sig Sauer, Model P290, 9mm pistol, SN: 26C050913, and a Glock, Model 27, .40 caliber pistol, SN: LYR369 from a FFL located in Austin, Texas on March 11, 2022. This is the same date and FFL that SP1 purchased three firearms to include the firearm recovered in Canada (mentioned in paragraphs 10-11).

16. TRAFFICKER was interviewed by your affiant. TRAFFICKER stated he met an individual from Canada known as "Himmy," at the bar in the Fairmont Hotel, located in Austin, Texas. "Himmy" was later identified as Harsimran DHALIWAL, a Canadian citizen.

17. DHALIWAL entered into an agreement with TRAFFICKER to purchase another 30 pistols. DHALIWAL agreed to pay TRAFFICKER $800 per firearm. TRAFFICKER advised his/her profit would be the difference between the cost of the firearm and $800. DHALIWAL only wanted compact sized pistols in calibers of .380 or larger. DHALIWAL advised TRAFFICKER to have other people purchase firearms from dealers.

18. TRAFFICKER admitted that SP1 purchased firearms for him/her. TRAFFICKER drove SP1 to several FFL's in the Austin area. TRAFFICKER paid SP1 $100 for each firearm purchased.

19. TRAFFICKER admitted Straw Purchaser #2 ("SP2") purchased three pistols for him/her in Buda, Texas. SP2 requested to be paid in a small amount of marijuana. SP2 purchased a Glock, Model 43X, 9mm pistol, SN: BVDF372, a Glock, Model 43X, 9mm caliber pistol, SN: BWCX102, and a Taurus, Model GX4, 9mm caliber pistol, SN: 1GA48460 from a federal firearms licensee located in Buda, Texas on March 08, 2022.

20. TRAFFICKER admitted Straw Purchaser #3 ("SP3") has purchased approximately five pistols for him/her from an FFL in Austin, Texas. SP3 purchased a Sig Sauer, Model P365, 9mm caliber pistol, SN: 66B426410, and a Glock, Model 23, .40 caliber pistol, SN: GZF432, from an FFL located in Austin, Texas on March 17, 2022. SP3 purchased a Glock, Model 42, .380 caliber pistol, SN: AAWN247 and a Glock, Model 42, .380 caliber pistol, SN: ABDC from an FFL located in Austin, Texas on April 11, 2022.

21. TRAFFICKER provided all of the guns purchased for DHALIWAL by SP1, SP2, and SP3 to DHALIWAL.

22. On November 8, 2022, the Ontario (Canada) Police Service arrested an individual on an outstanding arrest warrant. A subsequent search of the vehicle resulted in the seizure of bags of cocaine and a Glock, Model 43X, 9mm caliber pistol, SN: BWCX102. This firearm was purchased by SP2 on March 08, 2022. Time to Crime was 245 days.

23. In each of the firearm purchases by TRAFFICKER, SP1, SP2, and SP3, the relevant individual completed and submitted Form 4473. Each time, the relevant individual responded "YES" to the question, "Are you the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s)?" As TRAFFICKER and SP1 admitted, this representation was false because the guns were being purchased for DHALIWAL and were transferred to his possession shortly after the purchase. In my experience as an ATF agent, this type of misrepresentation is intended or likely to deceive the FFL because if the purchaser had revealed that he/she was not the actual transferee/buyer of the firearm, the FFL likely would not have sold the firearm to the purchaser.

24. TRAFFICKER received Zelle payment on April 11, 2022 for $2000 from DHALIWAL. TRAFFICKER further stated that "Himmy" had a Texas Drivers License and also had an apartment at 1100 S. Lamar Blvd, Unit 1227, Austin, Texas 78704.

25. Your affiant received a copy of DHALIWAL'S driver's license application packet. DHALIWAL's application is dated January 6, 2022, and he received a temporary permit the same day. Included in this packet was the lease agreement for the Lamar Blvd apartment including rental insurance. The email address listed is himmy.dhaliwal73@gmail.com. Also included was a copy of DHALIWAL'S Canadian Passport, surrendered Canadian drivers license, and an I-94 listing an entry into the United States on January 5, 2022.

26. On May 10, 2023, your affiant received a copy of an ATF Form 4473 filled out by DHALIWAL at an FFL located in Mesquite, Texas on January 10, 2022. DHALIWAL attempted to purchase a Springfield Armory, Model Hellcat, 9mm caliber pistol and a Smith and Wesson, Model MP40, 40 caliber pistol. DHALIWAL was denied the sale of the firearms. The ATF Form 4473 has the Lamar Blvd, Unit 1227 address and lists his country of citizenship as Canada.

27. TRAFFICKER admitted that on two separate occasions he transferred approximately seventy (70) firearms in total to DHALIWAL. Your affiant verified that

DHALIWAL stayed at the Fairmont Hotel on January 7, 2022, checking out on January 8, 2022, which corroborates the first meeting with TRAFFICKER. Your affiant has further verified DHALIWAL stayed at Omni Resorts, Baton Creek located in Austin, Texas from June 10—June 13, 2022.

28. According to information provided to your affiant by Special Agents with Homeland Security Investigations, DHALIWAL entered into the United States on January 5, 2022, February 26, 2022, and June 10, 2022. DHALIWAL has a B-2 Tourism visa to enter the United States.

29. Based on the facts and circumstances stated herein, I have probable cause to believe that on or about January 7, 2022 through June 13, 2022, Harsimran DHALIWAL aided and abetted violations of Title 18 United States Code, Section 922(a)(6)(a), knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of firearm.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Nathan Sheldon
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF)

Sworn to and subscribed to me by telephone under Rule 4.1 of the Federal Rules of Criminal Procedure on July 05, 2023.

SUSAN HIGHTOWER
United States Magistrate Judge
Western District of Texas