**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **HARSIMRAN DHALIWAL,** | § | **CRIMINAL NO. 23-CR-125-RP** |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |

## GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Harsimran Dhaliwal, a citizen of Canada, traveled to Texas several times under the guise of a tourist visa in order to illegally purchase and smuggle handguns into Canada, where they ended up in the hands of criminals. Because of the serious nature and circumstances of his offense, his guideline range is the maximum sentence permitted for the crime to which he has pled guilty, 120 months. However, because Mr. Dhaliwal has accepted responsibility for his crime and pled guilty, the government believes a downward variance of 24 months to a sentence of **96 months** would be appropriate in this case.

**RELEVANT FACTS**

In 2022, Mr. Dhaliwal was engaged in an operation to purchase handguns in Texas and illegally smuggle those weapons into Canada.[1] Mr. Dhaliwal traveled to Texas on more than one occasion. On one such visit, Mr. Dhaliwal met a college student in Austin (the "Lead Straw

---

[1] Canadian law prohibits most people in Canada from legally possessing a handgun, which has created a black market for handguns in Canada. A handgun that can be purchased in the United States for $500 could sell in Canada for around $5,000. In 2022, approximately 30% of all foreign-sourced Canadian crime gun recoveries were determined to have originated from purchases in Texas, making Texas the #1 foreign source of Canadian crime guns.

Purchaser")[2] at a bar and enlisted his help to purchase handguns.  The Lead Straw Purchaser in turn enlisted three other straw purchasers to buy handguns for Mr. Dhaliwal. In total, the straw purchasers bought approximately 70 handguns for Mr. Dhaliwal. When the straw purchasers purchased handguns from FFLs, they knowingly made false statements on the required ATF forms by misrepresenting that the guns were being purchased for themselves and not for another person. Mr. Dhaliwal also had other sources of guns, and the investigation showed that he obtained between 70 and 140 guns for his smuggling operation.

In addition to obtaining the handguns, Mr. Dhaliwal was also personally involved in removing or attempting to remove the serial numbers from guns, which would make them more difficult for law enforcement to trace. Mr. Dhaliwal and the Lead Straw Purchaser took some of the handguns to the Lead Straw Purchaser's apartment and used a Dremel provided by Mr. Dhaliwal to remove or attempt to remove the serial numbers from several guns. This activity was witnessed by the Lead Straw Purchaser's roommates.

Mr. Dhaliwal also delivered the guns to an unknown network of individuals who Mr. Dhaliwal knew would be smuggling the guns into Canada. On one occasion, Mr. Dhaliwal invited and was accompanied by the Lead Straw Purchaser when a box of guns was delivered to an unknown individual in Dallas.

The guns were destined for and distributed to criminals in Canada. This case was initiated due to the recovery of two guns in Canada, one in Edmonton and one in Ontario, in November 2022 in connection to serious criminal activity. In November 2022, the Edmonton Police Service

---

[2] The defense repeatedly refers to the Lead Straw Purchaser as "Trafficker" in its sentencing memorandum. Admitted, the government used that term for the Lead Straw Purchaser in some of its legal process in this case, but he is more accurately described as a straw purchaser who also recruited other straw purchasers to help him acquire guns. Lead Straw Purchaser's only connection to the individuals who were transporting the guns through the United States, smuggling them into Canada, and distributing them within Canada was through Mr. Dhaliwal.

recovered a Glock handgun during the execution of a search warrant that also led to the seizure of drugs, including three kilograms of cocaine. In an unrelated case also in November 2022, the Ontario Police Service arrested a person on an outstanding arrest warrant and a search of that person's vehicle led to the discovery of another Glock handgun and bags of cocaine. Those guns, which both had altered/obliterated serial numbers, were traced back to their sale in the Austin area, to the straw purchasers of each, which led to the identification of the Lead Straw Purchaser and ultimately Mr. Dhaliwal. Four other guns, for a total of six, have been discovered and identified in connection to Canadian criminal investigations and traced back to Mr. Dhaliwal's smuggling operation. Evidence from Canada showed Defendant had an affiliation with two large Canadian street gangs, the Brothers Keepers and the United Nations. Mr. Dhaliwal has also admitted that the person for whom he was buying the guns "is dangerous and is the head of a far-reaching crime syndicate who is known for acts of violence and for arson."

## 96 MONTHS IS A REASONABLE AND APPROPRIATE SENTENCE

Mr. Dhaliwal committed a very serious offense for which a significant sentence is necessary and appropriate. He entered the United States as a tourist and engaged in an operation designed to violate the laws of both the United States and Canada and put deadly weapons in the hands of criminals. Dozens of guns remain on the streets of Canada due to his actions, putting an unknown number of people at risk and in danger due to those firearms. Mr. Dhaliwal knew that the guns were intended for dangerous criminals and that did not stop him.

Mr. Dhaliwal's motive for this crime remains known only to him. He claims that he committed this crime in order to pay off a $100,000 debt owed to a dangerous and violent individual, but his story raises more questions than it answers. He claims he took the loan to save his family's business during COVID, but has not provided any evidence that his family's business

was in jeopardy or that other legitimate means for a loan were unavailable. Mr. Dhaliwal has not been able to provide any communications with this individual that would corroborate his claims. Assuming such a loan was needed, why go to a person he knew to be a violent and dangerous individual? Also, Mr. Dhaliwal's claims of financial need are inconsistent with his actions. When he was engaged in the smuggling operation, Mr. Dhaliwal rented a nice apartment in Austin for a year that he did not use or live in. He stayed at luxury hotels and brought his wife to Austin for vacation. He ate at high end restaurants. While this case has been pending, he has been living in an apartment in Houston that he rented just for that purpose without any obvious means of support and has had family visit him in Houston on several occasions. None of that is consistent with his claim that he engaged in the smuggling out of fear instead of for personal pecuniary gain.

Nor, once he was arrested, was Mr. Dhaliwal immediately forthcoming with this explanation or quick to accept responsibility. Mr. Dhaliwal requested a trial and the government sought and obtained a superseding indictment in anticipation of trial. The government set a deadline roughly two months before trial for defendant to accept a plea or the government would withdraw its offer and Mr. Dhaliwal agreed to the plea just before that deadline was set to expire. Mr. Dhaliwal entered his plea approximately 11 months after his arrest in this case.

Mr. Dhaliwal requests a sentence of 12 months and 1 day. That would not be an appropriate sentence in this case. It would represent a roughly 90% reduction from the sentencing guidelines range. Mr. Dhaliwal's comparison of himself to the straw purchasers, in particular the Lead Straw Purchaser, is not persuasive. Mr. Dhaliwal came to this country with the intent to obtain and smuggle firearms into Canada. The straw purchasers did not. Mr. Dhaliwal delivered the firearms to other persons to have them smuggled into Canada, the straw purchasers did not. Mr. Dhaliwal knew those weapons were intended for criminals in Canada, the straw purchasers did not.

With regard to the Lead Straw Purchaser, his situation is completely different that Mr. Dhaliwal's. The Lead Straw Purchaser was mentioned to investigators by one of the other straw purchasers, but at that time there was insufficient evidence to show that the Lead Straw Purchaser had committed any crime. When the Lead Straw Purchaser was contacted by law enforcement, he immediately obtained legal counsel and agreed to a debrief with the government pursuant to a proffer agreement. Under the terms of a proffer agreement, the government cannot prosecute an individual with any statements made pursuant to that agreement. And unlike Mr. Dhaliwal, the Lead Straw Purchaser cooperated almost immediately.

**CONCLUSION**

Mr. Dhaliwal committed a serious and dangerous offense for which a significant sentence is warranted especially for the deterrent message such a sentence would send. However, because in this case a guideline sentence would be the statutory maximum 120 months, the government does believe that it is important to reward individuals who accept responsibility for their crimes by pleading guilty. The government therefor requests a downward variance of 24 months and an ultimate sentence of **96 months** incarceration.

Respectfully submitted,

JAIME ESPARZA
United States Attorney

By:  */s/ Keith M. Henneke*
KEITH M. HENNEKE
Assistant United States Attorneys

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Government's Sentencing Memorandum has been delivered via CM/ECF on this the 14th day of January 2025 to defense counsel.

*/s/ Keith M. Henneke*
KEITH M. HENNEKE
Assistant United States Attorney