UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

UNITED STATES OF AMERICA ) Docket No. A 23-CR-125(1) RP
)
vs. ) Austin, Texas
)
HARSIMRAN DHALIWAL ) May 30, 2024


TRANSCRIPT OF ARRAIGNMENT
BEFORE THE HONORABLE MARK P. LANE


APPEARANCES:

For the United States: Mr. Keith M. Henneke
Assistant U.S. Attorney
903 San Jacinto Boulevard,
Suite 334
Austin, Texas 78701


For the Defendant: Mr. Daniel H. Wannamaker
P.O. Box 2271
Austin, Texas 78768


Transcriber: Ms. Lily Iva Reznik, CRR, RMR
501 West 5th Street, Suite 4153
Austin, Texas 78701
(512)391-8792

Proceedings reported by digital sound recording, transcript produced by computer aided-transcription.

(Proceedings commence at 9:08 a.m.)

THE COURT: Moving then over to the -- is it Dhaliwal?

MR. WANNAMAKER: Dhaliwal.

THE COURT: Dhaliwal matter. We're here as an arraignment on that. Mr. Dhaliwal, are you with us? Come forward, sir.

This case has obviously been on the docket a while. I've got a note up here. I don't know if the warning's been given but, Mr. Henneke, on behalf of the United States, I'm required to tell you and remind you of the government's obligation to provide the defense in a timely manner with any exculpatory material as that has been defined by Brady vs. Maryland and its progeny. Failure to provide that material in a timely manner to the defense subjects the government to a number of sanctions up to and including dismissal of the case.

Do you understand and appreciate this?

MR. HENNEKE: Yes, sir.

THE COURT: Thank you, sir.

Now, as it relates to the superseding indictment, Mr. Dhaliwal, first of all, thank you for being here this morning. Sir, have you been given a copy of that superseding indictment?

THE DEFENDANT: Yes.

THE COURT: And have you reviewed it carefully with Mr. Wannamaker?

THE DEFENDANT: Yes.

THE COURT: It is a three-count superseding indictment. If you tell me that you understand what you're accused of having done wrong in those three counts, I don't need to read this to you. But if there's any confusion whatsoever, let me know and I will read it to you.

THE DEFENDANT: Okay. I understand.

THE COURT: Okay. Well, terrific. Then as it relates to the charge in Count 1 of the indictment, I just want to -- I believe the punishment is the same for each of these counts.

MR. WANNAMAKER: It is, your Honor, up to 10 years.

THE COURT: All right. Terrific. Well then, I just want to remind you of what you probably already know, Mr. Dhaliwal.

MR. HENNEKE: Actually, your Honor, I think Count 1 is a five-year punishment, Count 2 is a 10-year, and Count 3 is 10.

THE COURT: Say that again, Mr. Henneke.

MR. HENNEKE: Count 1 is five-year. Count 2 and Count 3 are 10-year.

MR. WANNAMAKER: Count 1 is the traveling.

MR. HENNEKE: Count 2 is the traveling. Count 1 is the engaging in the business of dealing firearms without a license.

THE COURT: Okay. Do you know the punishment range for Count 1?

MR. HENNEKE: Yes, sir.

THE COURT: All right. Tell Mr. Dhaliwal what it is, please.

MR. HENNEKE: Punishment range for Count 1 is up to five years imprisonment, up to a $250,000 fine, three years of supervised release, and a $100 mandatory assessment.

THE COURT: Thank you, Mr. Henneke.

Did you understand that penalty range, sir?

THE DEFENDANT: Yes, your Honor.

THE COURT: All right. Then with regard to Counts 2 and 3, since you're on a roll, what's the penalty range for those?

MR. HENNEKE: Yes, your Honor.

For Counts 2 and 3, the punishment range is up to 10 years in prison, a $250,000 fine, up to three years of supervised release, and a $100 mandatory assessment.

THE COURT: All right. And that punishment that he described would apply to Counts 2 and 3.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  I'm not saying this will happen but in the event that you're convicted of, let's say, of all three counts, the district judge has the right and the authority to stack the counts, meaning by my mathematical count here, it's up to 25 years in federal prison.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  All right.  Then as it relates to Counts 1, 2 and 3, how do you plead, guilty or not guilty?

THE DEFENDANT:  Not guilty.

THE COURT:  Very good.  We'll make a -- that entry in the record and that will be noted.

Do y'all have a trial date with Judge Pitman?

MR. HENNEKE:  Not yet, your Honor.

THE COURT:  Not yet.  Now, Mr. Henneke, you had -- there was some -- I don't know if you've communicated that to Mr. Wannamaker, but you had something about a plea agreement.

MR. HENNEKE:  Yes, sir.  I just want to put on the record that the government did make a plea offer in this case.  Make sure that the defendant was aware of that plea offer and that he declines that plea offer.  In sum and substance, the plea offer is to the -- for the

defendant to plead guilty to the false statement during purchase of a firearm, which was the sole count of the original indictment. If the defendant pled guilty to that count, the government would dismiss and forbear any other charges, and at sentencing, the government would recommend the low end of the guidelines. The guideline range is calculated by the Court at sentencing. The other provisions of the plea agreement are the standard provisions provided for here in the Austin Division, including the waiver of appellate and trial rights as the standard form provides.

THE COURT: All right. Now, with regard to what the prosecutor just said, the plea agreement, Mr. Dhaliwal, have you been -- has that plea agreement offer been communicated to you?

THE DEFENDANT: Yes, your Honor.

THE COURT: All right. In my experience with Mr. Wannamaker, that doesn't surprise me. I'm sure he has shared that with you.

Do you have any questions about the offer that's been made by the government?

THE DEFENDANT: No, your Honor.

THE COURT: All right. And after consulting with Mr. Wannamaker at this time, as I understand it, you do not want to accept that offer.

THE DEFENDANT:  Yes.

THE COURT:  Okay.  Mr. Henneke, is there any further inquiry in this matter you need from me?

MR. HENNEKE:  Not -- just that for the record, your Honor, that that offer is now withdrawn but that's -- as I communicated with Mr. Wannamaker, the government will consider any plea offers that the defense would like to make to the government up to 60 days before trial, after which we'll no longer consider any kind of plea offer.

THE COURT:  All right.  Well, that's your business.  Okay.  Anything else?

MR. WANNAMAKER:  No, your Honor.

THE COURT:  All right.  Gentlemen, thank you for being here.  You're excused at least as it relates to this matter.

(Proceedings conclude at 9:13 a.m.)

REPORTER'S CERTIFICATE

I, LILY I. REZNIK, DO HEREBY CERTIFY THAT THE FOREGOING WAS TRANSCRIBED FROM AN ELECTRONIC RECORDING MADE AT THE TIME OF THE AFORESAID PROCEEDINGS AND IS A CORRECT TRANSCRIPT, TO THE BEST OF MY ABILITY, MADE FROM THE PROCEEDINGS IN THE ABOVE-ENTITLED MATTER, AND THAT THE TRANSCRIPT FEES AND FORMAT COMPLY WITH THOSE PRESCRIBED BY THE COURT AND JUDICIAL CONFERENCE OF THE UNITED STATES, ON THIS 16th DAY OF FEBRUARY, 2026.

*Lily Iva Reznik*

~~~~~~~~~~~~~~~~~~~~~~~~~
LILY I. REZNIK, CRR, RMR
Official Court Reporter
United States District Court
Austin Division
501 West 5th Street, Suite 4153
Austin, Texas 78701
(512)391-8792
SOT Certification No. 4481
Expires: 1-31-27