UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

UNITED STATES OF AMERICA ) Docket No. A 23-CR-125(1) RP
)
vs. ) Austin, Texas
)
HARSIMRAN DHALIWAL ) August 23, 2024


TRANSCRIPT OF REARRAIGNMENT/PLEA
BEFORE THE HONORABLE DUSTIN M. HOWELL


APPEARANCES:

For the United States:      Mr. Keith M. Henneke
                            Assistant U.S. Attorney
                            903 San Jacinto Boulevard,
                            Suite 334
                            Austin, Texas 78701


For the Defendant:          Mr. Daniel H. Wannamaker
                            P.O. Box 2271
                            Austin, Texas 78768


Transcriber:                Ms. Lily Iva Reznik, CRR, RMR
                            501 West 5th Street, Suite 4153
                            Austin, Texas 78701
                            (512)391-8792

Proceedings reported by digital sound recording,
transcript produced by computer aided-transcription.

(Proceedings commence at 2:02 p.m.)

THE CLERK: The Court calls the following for guilty pleas: 1:23-CR-125, Harsimran Dhaliwal, United States of America vs. Harsimran Dhaliwal.

MR. HENNEKE: Good afternoon, your Honor.

Keith Henneke for the United States.

THE COURT: Good afternoon.

MR. WANNAMAKER: Good afternoon, your Honor.

Dan Wannamaker on behalf of Mr. Dhaliwal.

THE COURT: Good afternoon.

THE CLERK: 1:24-CR-006, United States of America vs. Nicholas Rostro.

MR. HENNEKE: Keith Henneke for the United States.

MR. ALDREDGE: And Horatio Aldredge for Mr. Rostro, your Honor. His true and correct name is Nickolas, spelled N-I-C-K-O-L-A-S. For some reason, it got changed from that to N-I-C-H-O-L-A-S, but it's actually N-I-C-K-O-L-A-S spelling. Diaz-Rostro that is his true and correct name.

THE COURT: And does that need to be corrected somewhere or are you just making a record of that?

MR. ALDREDGE: Yeah, I'm just making a record of that and -- we've told probation.

THE COURT: Okay. Thank you.

THE CLERK: 1:24-CR-163, United States of America vs. Daniel Pena-Ramirez.

MR. HENNEKE: Keith Henneke for the United States.

MR. ALDREDGE: Horatio Aldredge for Mr. Pena-Ramirez.

THE CLERK: 1:24-CR-181, United States of America vs. Jose Luis Saucedo-Quiroz.

MR. HENNEKE: Keith Henneke for the United States.

MR. ALDREDGE: And Horatio Aldredge for Mr. Saucedo-Quiroz.

THE COURT: Good afternoon.

The parties are here for a guilty plea in accordance with Rule 11 of the Federal Rules of Criminal Procedure.

Ms. Landeros, or, Ms. Kalyandjian, will you please administer the oath?

THE CLERK: If you could raise your right hand, please. Do you solemnly swear or affirm that the testimony in which you may give in this case now before the Court shall be the truth, the whole truth, and nothing but the truth?

DEFENDANT DHALIWAL: Yes.

DEFENDANT ROSTRO: Yes.

DEFENDANT PENA-RAMIREZ:  Yes, ma'am.

DEFENDANT SAUCEDO-QUIROZ:  Yes, sir.

THE INTERPRETER:  "Yes, sir."

THE COURT:  Do you understand that you are now under oath and that if you answer any of my questions falsely, your answers may be used against you in another prosecution for perjury or for making a false statement?

DEFENDANT DHALIWAL:  Yes, your Honor.

DEFENDANT ROSTRO:  Yes, sir.

DEFENDANT PENA-RAMIREZ:  Yes.

DEFENDANT SAUCEDO-QUIROZ:  Yes, sir.

THE COURT:  And just so the record's clear when I'm asking the question, all of you will just go in order from my left to right.

In order to take your guilty plea, I need to advise you of several rights and ask you a series of questions that are intended to ensure that you understand what you were doing by pleading guilty.  If you don't understand anything that I say or if you have a question or want to talk with your attorney, at any time, please just stop me.  This is important because you can't come back later and say that you didn't understand what you were doing.

I will advise you this hearing is being recorded. I will have each of you state your first -- or your full

name, please, starting with you, Mr. Dhaliwal.

DEFENDANT DHALIWAL:  Harsimran Dhaliwal.

DEFENDANT ROSTRO:  Nickolas Diaz-Rostro.

DEFENDANT PENA-RAMIREZ:  Daniel Pena-Ramirez.

DEFENDANT SAUCEDO-QUIROZ:  Jose Luis Saucedo-Quiroz.

THE COURT:  I am a United States Magistrate Judge.  You have the right to plead before the district judge instead.

Have you discussed this issue fully with your attorney?

DEFENDANT DHALIWAL:  Yes, your Honor.

DEFENDANT ROSTRO:  Yes, your Honor.

DEFENDANT PENA-RAMIREZ:  Yes, your Honor.

DEFENDANT SAUCEDO-QUIROZ:  Yes, sir.

THE INTERPRETER:  "Yes, sir."

THE COURT:  Do you understand your right to have the district judge hear your plea?

DEFENDANT DHALIWAL:  Yes, your Honor.

DEFENDANT ROSTRO:  Yes, your Honor.

DEFENDANT PENA-RAMIREZ:  Yes, your Honor.

DEFENDANT SAUCEDO-QUIROZ:  Yes, sir.

THE INTERPRETER:  "Yes, sir."

THE COURT:  Do you waive your right to plead in front of the district judge?

DEFENDANT DHALIWAL:  Yes, your Honor.

DEFENDANT ROSTRO:  Yes, your Honor.

DEFENDANT PENA-RAMIREZ:  Yes, your Honor.

DEFENDANT SAUCEDO-QUIROZ:  Yes, sir.

THE INTERPRETER:  "Yes, sir."

THE COURT:  Does the government consent to have me hear the defendants' pleas?

MR. HENNEKE:  Yes, your Honor.

THE COURT:  I find that both parties consent to have me conduct the guilty plea proceeding.  I will remind counsel that as required by Rule 5(f), the United States is ordered to produce all exculpatory evidence to the defendants pursuant to Brady vs. Maryland and its progeny.  Not doing so in a timely manner may result in sanctions, including exclusion of evidence, adverse jury instructions, dismissal of charges and contempt proceedings.

Some questions for you, Mr. Wannamaker, and you, Mr. Aldredge.  Have you had sufficient time to discuss this case with your clients?

MR. WANNAMAKER:  I have.

MR. ALDREDGE:  Yes, your Honor.

THE COURT:  Did you discuss their charges and any possible defenses?

MR. WANNAMAKER:  Yes, sir.

MR. ALDREDGE: Yes, sir.

THE COURT: Did you explain their constitutional and statutory rights?

MR. WANNAMAKER: I did.

MR. ALDREDGE: I have, your Honor.

THE COURT: Did you explain the sentencing guidelines and other sentencing factors?

MR. WANNAMAKER: Yes, sir.

MR. ALDREDGE: Yes, your Honor.

THE COURT: Do you believe your client has a factual and rational understanding of these proceedings?

MR. WANNAMAKER: I do.

MR. ALDREDGE: I do, your Honor, on all three of them.

THE COURT: And do you have any doubt as to his competence to enter a plea?

MR. WANNAMAKER: None.

MR. ALDREDGE: None.

THE COURT: To the defendants, have you had enough time to speak with your attorney?

DEFENDANT DHALIWAL: Yes, your Honor.

DEFENDANT ROSTRO: Yes, your Honor.

DEFENDANT PENA-RAMIREZ: Yes, your Honor.

DEFENDANT SAUCEDO-QUIROZ: Yes, sir.

THE INTERPRETER: "Yes, sir."

THE COURT: Has your attorney told you everything you know or have you told your attorney everything you know about the facts and circumstances leading to your arrest?

DEFENDANT DHALIWAL: Yes, your Honor.

DEFENDANT ROSTRO: Yes, your Honor.

DEFENDANT PENA-RAMIREZ: Yes, your Honor.

THE COURT: Did you discuss your charges and any possible defenses?

DEFENDANT DHALIWAL: Yes, your Honor.

DEFENDANT ROSTRO: Yes, your Honor.

DEFENDANT PENA-RAMIREZ: Yes, your Honor.

DEFENDANT SAUCEDO-QUIROZ: Yes, sir.

THE INTERPRETER: "Yes, sir."

THE COURT: And actually, Mr. Saucedo-Quiroz, I want to confirm the previous question that I asked. Have you told your attorney everything you know about the facts and circumstances leading to your arrest?

DEFENDANT SAUCEDO-QUIROZ: Yes, sir.

THE COURT: Then going back to you, Mr. Dhaliwal, do you have any mental or physical condition that affects your ability to understand today's proceedings?

DEFENDANT DHALIWAL: No, sir.

DEFENDANT ROSTRO: No, your Honor.

DEFENDANT PENA-RAMIREZ: No, your Honor.

DEFENDANT SAUCEDO-QUIROZ:  No, sir.

THE INTERPRETER:  "No, sir."

THE COURT:  Are you under the influence of any drugs or alcohol affecting your ability to understand what we're doing today?

DEFENDANT DHALIWAL:  No.

DEFENDANT ROSTRO:  No, your Honor.

DEFENDANT PENA-RAMIREZ:  No, your Honor.

DEFENDANT SAUCEDO-QUIROZ:  No.

THE INTERPRETER:  "No."

THE COURT:  Are you satisfied with your attorney's representation?

DEFENDANT DHALIWAL:  Yes, your Honor.

DEFENDANT ROSTRO:  Yes, your Honor.

DEFENDANT PENA-RAMIREZ:  Yes, your Honor.

DEFENDANT SAUCEDO-QUIROZ:  Yes, sir.

THE INTERPRETER:  "Yes, sir."

THE COURT:  We have plea agreements in the first three of these cases, correct, Mr. Henneke?

MR. HENNEKE:  Yes, your Honor.

THE COURT:  Will you please summarize those for me?

MR. HENNEKE:  Yes, your Honor.

With respect to Mr. Dhaliwal, Mr. Dhaliwal is agreeing to plead guilty to Count 3 of the superseding

indictment which charges him with making false statements in the purchase of a firearm. The government is agreeing to dismiss Counts 1 and 2 of the superseding indictment as well as other -- the other charges pending against the defendant and forbear filing any other charges against the defendant. There are no agreements with regard to the sentence the defendant will receive at sentencing. And other than that, there is the standard language in the plea agreement regarding the defendant's waiver of his trial and appellate rights and that he will not be able to appeal except in very limited circumstances that are spelled out in the plea agreement.

THE COURT: Oh, yes. Go ahead.

MR. HENNEKE: Should I go on?

With respect to Mr. Rostro, Mr. Rostro is agreeing to plead guilty to Count 1 of a superseding information which charges him with conspiracy to distribute cocaine in violation of 21 U.S.C., Sections 846 and 841. I believe there's no agreement with regard to the punishment he was to receive if that's correct, Mr. Horatio?

MR. ALDREDGE: It is.

MR. HENNEKE: I'm sorry, Mr. Aldredge.

There is an express agreement regarding forfeiture of a number of weapons that is spelled out in

the plea agreement. And other than that, there is no agreement as to sentencing and there is the standard language with regard to waiver of trial and appellate rights and the very limited circumstances upon which the defendant could appeal any sentence he received in this case. Other than that, it's the standard language used here in the Austin Division.

With respect to Mr. Pena-Ramirez, Mr. Ramirez is pleading guilty to Count 2 of the indictment that charges him with one -- with a count of escape in violation of 18 U.S.C., Section 751(a). There has been no agreement with regard to the sentence that he'll receive regarding that count. The government is agreeing to dismiss Count 1 and forbear filing other charges against the defendant. And otherwise, the agreement is the standard agreement used here in Austin that includes a waiver of the defendant's trial and appellate rights, and spells out the very limited circumstances in which he could challenge any sentence that he receives in this case.

THE COURT: Thank you, Mr. Henneke.

To each of the defendants, have you read your plea agreement?

DEFENDANT DHALIWAL: Yes, your Honor.

DEFENDANT ROSTRO: Yes, your Honor.

DEFENDANT PENA-RAMIREZ: Yes, your Honor.

THE COURT:  Did you discuss the plea agreement with your attorney?

DEFENDANT DHALIWAL:  Yes, your Honor.

DEFENDANT ROSTRO:  Yes, your Honor.

DEFENDANT PENA-RAMIREZ:  Yes, your Honor.

THE COURT:  Did you understand it before you signed it?

DEFENDANT DHALIWAL:  Yes, your Honor.

DEFENDANT ROSTRO:  Yes, your Honor.

DEFENDANT PENA-RAMIREZ:  Yes, your Honor.

THE COURT:  Do you agree to be bound by it?

DEFENDANT DHALIWAL:  Yes, your Honor.

DEFENDANT ROSTRO:  Yes, your Honor.

DEFENDANT PENA-RAMIREZ:  Yes, your Honor.

THE COURT:  Your plea agreement includes a waiver of your right to appeal.  That waiver extends both to direct appeals and collateral attacks.  The exceptions to that waiver are limited.  They include claims for ineffective assistance of counsel or prosecutorial misconduct or the imposition of a sentence that's above the statutory maximum.

Have you discussed this waiver with your attorney?

DEFENDANT DHALIWAL:  Yes, your Honor.

DEFENDANT ROSTRO:  Yes, your Honor.

DEFENDANT PENA-RAMIREZ:  Yes, your Honor.

THE COURT:  Do you understand you're waiving your right to appeal?

DEFENDANT DHALIWAL:  Yes, your Honor.

DEFENDANT ROSTRO:  Yes, your Honor.

DEFENDANT PENA-RAMIREZ:  Yes, your Honor.

THE COURT:  I know Mr. Henneke said that your plea agreements don't include a recommendation regarding your sentence, but if at some point the government does make a recommendation, do you understand that the terms of the plea agreement are only recommendations to the district judge and that the district judge can reject those recommendations without permitting you to withdraw your plea of guilty and impose a sentence that's more severe than you may anticipate?

DEFENDANT DHALIWAL:  Yes, your Honor.

DEFENDANT ROSTRO:  Yes, your Honor.

DEFENDANT PENA-RAMIREZ:  Yes, your Honor.

THE COURT:  Mr. Diaz-Rostro, you are pleading guilty to -- or your case is proceeding on the basis of a superseding information, which is a written document charging a crime filed by the U.S. Attorney's Office. Because your charge is a felony, you have the right to require the government to present its evidence to a grand jury to determine whether it would return an indictment

against you.  You can waive this right and agree to proceed today on the basis of an information.

Do you understand this right?

DEFENDANT ROSTRO:  Yes, your Honor.

THE COURT:  Have you spoken with your attorney about this right?

DEFENDANT ROSTRO:  Yes, your Honor.

THE COURT:  Do you waive your right to an indictment?

DEFENDANT ROSTRO:  Yes.  Yes, your Honor.

THE COURT:  Very good.  At this time, I will review the charges.

MR. ALDREDGE:  Your Honor, Mr. Saucedo-Quiroz is also proceeding by information.

THE COURT:  Yes, he is.

Mr. Saucedo-Quiroz, your case is proceeding on the basis of an information, which is a written document charging a crime filed by the U.S. Attorney's Office.  The charge against you is a felony.  You have the right to require the government to present its evidence to a grand jury to determine whether it would return an indictment against you.  You can waive this right and agree to proceed today on the basis of an information.

Do you understand this right?

MR. ALDREDGE:  Your Honor, would you repeat the

question?

THE COURT: Yes. You can waive your right to an indictment and proceed today on the basis of an information.

Do you understand your right to an indictment?

DEFENDANT SAUCEDO-QUIROZ: Yes, sir.

THE COURT: Have you spoken with your attorney about this right?

DEFENDANT SAUCEDO-QUIROZ: Yes, sir.

THE COURT: Do you wish to waive your right to an indictment?

DEFENDANT SAUCEDO-QUIROZ: Yes, sir.

THE COURT: Okay. And thank you for catching that for me, Mr. Aldredge. I will review the charges with each of you and the range of punishment that you face.

In your case, Mr. Dhaliwal, you are pleading guilty to Count 1 of your indictment, superseding indictment which charges you with --

MR. HENNEKE: I'm sorry, Judge. It's Count 3 of the superseding indictment.

THE COURT: Yes. So it is. Count 3 of your superseding indictment which charges you with false statement during the purchase of a firearm in violation of 18 U.S. Code, Section 922(a)(6). That charge carries with it a term of imprisonment of not more than 10 years, a

term of supervised release of not more than three years, a fine of up to $250,000, any applicable forfeiture.

Are there forfeiture provisions in this plea agreement, Mr. Henneke?

MR. HENNEKE: No, your Honor. We're not requesting forfeiture.

THE COURT: Thank you. And lastly, a special assessment of $100.

Mr. Diaz-Rostro, in your case, you're pleading guilty to Count 1 of your superseding information which charges you with conspiracy to distribute a mixture or substance that contains a detectable amount of cocaine in violation of 21 U.S. Code, Sections 846, 841(a)(1) and 841(b)(1)(C). That charge carries with it a term of imprisonment of not more than 20 years, a term of supervised release of at least three years and up to life, a fine of up to $1 million, and the applicable forfeiture.

I think there is forfeiture in Mr. Rostro's case, right?

MR. HENNEKE: Yes, your Honor.

MR. ALDREDGE: Yes, your Honor.

THE COURT: And is that firearms that were seized?

MR. HENNEKE: Yes, sir. It's on page 2 and 3 of the plea agreement. Looks like there's ---

THE COURT: Oh, yeah, I see.

MR. HENNEKE: Thirty-three firearms, assorted ammunition, magazines and accessories, and approximately $590 in currency.

THE COURT: Right. So that's the forfeiture that the government -- of property the government will seek in connection with your plea. And lastly, you'd be subject to a special assessment of $100.

Mr. Pena-Ramirez, you are pleading guilty to Count 2 of your indictment which charges you with escape from custody in violation of 18 U.S. Code, Section 751(a). That charge carries with it a term of imprisonment of not more than five years, a term of supervised release of not more than three years, fine of up to $250,000, and a special assessment of $100.

Lastly, Mr. Saucedo-Quiroz, you are pleading guilty to Count 1 of your information which charges you with violation -- illegal reentry by a previously deported alien in violation of Title 8, United States Code, Section 1326. That charge carries with it a maximum statutory penalty of two years imprisonment, a $250,000 fine, and a term of supervised release of up to one year.

Or if your deportation was subsequent to a conviction of three or more misdemeanors involving drugs, crimes against a person, or both, or of a felony other

than an aggravated felony, then 10 years imprisonment, a $250,000 fine, and a term of supervised release of up to three years.  Or if your deportation was subsequent to a conviction for commission of an aggravated felony, then 20 years imprisonment, a $250,000 fine, and a term of supervised release of up to three years.  And that would also include a special assessment of $100.

To each of the defendants, do you understand the charge and range of punishment you face?

DEFENDANT DHALIWAL:  Yes, your Honor.

DEFENDANT ROSTRO:  Yes, your Honor.

DEFENDANT PENA-RAMIREZ:  Yes, your Honor.

DEFENDANT SAUCEDO-QUIROZ:  Yes, sir.

THE INTERPRETER:  "Yes, sir."

THE COURT:  You understand the sentence imposed in this case could run consecutive to any term of imprisonment, probation, parole, or release you may be serving for any other offense?

DEFENDANT DHALIWAL:  Yes, your Honor.

DEFENDANT ROSTRO:  Yes, your Honor.

DEFENDANT PENA-RAMIREZ:  Yes, your Honor.

DEFENDANT SAUCEDO-QUIROZ:  Yes, sir.

THE INTERPRETER:  "Yes, sir."

THE COURT:  You understand that under federal law, there is no parole.  You must serve the time to which

you are sentenced?

DEFENDANT DHALIWAL: Yes, your Honor.

DEFENDANT ROSTRO: Yes, your Honor.

DEFENDANT PENA-RAMIREZ: Yes, your Honor.

DEFENDANT SAUCEDO-QUIROZ: Yes, sir.

THE INTERPRETER: "Yes, sir."

THE COURT: Mr. Dhaliwal, are you a United States citizen?

DEFENDANT DHALIWAL: No, your Honor.

THE COURT: Mr. Rostro?

DEFENDANT ROSTRO: Yes, your Honor.

THE COURT: Okay. So to you, Mr. Dhaliwal, and you, Mr. Saucedo-Quiroz, have you discussed with your attorney the effects or consequences of your guilty plea on your immigration status?

DEFENDANT DHALIWAL: Yes, your Honor.

DEFENDANT SAUCEDO-QUIROZ: Yes, sir.

THE INTERPRETER: "Yes, sir."

THE COURT: I need to be sure you understand that by pleading guilty, there may be adverse effects on any pending or future claims related to your immigration status. You may eventually be deported and removed from the United States. In fact, for our purposes today, you should assume you'll be deported or removed. Your guilty plea may prevent you from ever lawfully entering or

residing in the United States. And you may be denied the opportunity to become a naturalized citizen of the United States or a permanent resident alien or achieve any legal status in the United States.

Knowing that your guilty plea may have these and other consequences on your immigration status, do you still want to plead guilty?

DEFENDANT DHALIWAL: Yes, sir.

DEFENDANT SAUCEDO-QUIROZ: Yes, sir.

THE INTERPRETER: "Yes, sir."

THE COURT: Each of you may also be sentenced to serve a term of supervised release which is a period of supervision after the completion of any term of imprisonment. Your supervised release would last up to three years in your case, Mr. Dhaliwal, at least three years and up to life in your case, Mr. Rostro, not more than three years in your case, Mr. Pena-Ramirez, and not more than three years in your case, Mr. Saucedo-Quiroz.

During any term of supervised release, you must comply with conditions set by the district judge and be supervised by the U.S. Probation Office. If you're deported, there is no reporting requirement. You would be ordered not to return to the U.S. without proper authorization. But if you did, you must report to the nearest probation office. Failing to comply with the

terms of your supervised release could result in revocation and an additional term of imprisonment.  If revoked, you would get no credit for the time you served on supervised release.

Do you understand what I've said about supervised release?

DEFENDANT DHALIWAL:  Yes, your Honor.

DEFENDANT ROSTRO:  Yes, your Honor.

DEFENDANT PENA-RAMIREZ:  Yes, your Honor.

DEFENDANT SAUCEDO-QUIROZ:  Yes, sir.

THE INTERPRETER:  "Yes, sir."

THE COURT:  Then let's discuss your sentencing.  When the district court decides your sentence, the Court will calculate the applicable sentencing guideline range and consider that range and any departures from the sentencing guidelines.  The Court will also consider additional statutory factors, including the nature and circumstances of your offense, your history and characteristics, the seriousness of your offense, the need to promote respect for the law, provide for just punishment, afford adequate deterrence, and protect the public, and the need to provide you with any educational or vocational training and medical care, to avoid unwarranted sentencing disparities, and provide restitution to any victims of your offense.

The district court has discretion to impose a sentence within the guidelines or above or below. The guidelines are not binding on the district court.

Have you discussed with your attorney the law on sentencing, including the possible effect that the sentencing guidelines will have on your sentence in this case?

DEFENDANT DHALIWAL: Yes, your Honor.

DEFENDANT ROSTRO: Yes, your Honor.

DEFENDANT PENA-RAMIREZ: Yes, your Honor.

DEFENDANT SAUCEDO-QUIROZ: Yes, sir.

THE INTERPRETER: "Yes, sir."

THE COURT: You understand that before you enter your guilty plea, no one can know and you do not know what your eventual sentence will be other than it won't be greater than the maximum I mentioned before?

DEFENDANT DHALIWAL: Yes, your Honor.

DEFENDANT ROSTRO: Yes, your Honor.

DEFENDANT PENA-RAMIREZ: Yes, your Honor.

DEFENDANT SAUCEDO-QUIROZ: Yes, sir.

THE INTERPRETER: "Yes, sir."

THE COURT: Is everything okay with Mr. Saucedo-Quiroz? He seems to be in some discomfort.

DEFENDANT SAUCEDO-QUIROZ: I would like to sit for a little while.

THE COURT: That's fine.

I will now advise you of several of your rights. You have the right to plead not guilty. You would then be entitled to a jury trial. You are entitled to representation by an attorney at all stages of the proceedings. At trial, you would be presumed to be innocent.

THE INTERPRETER: Your Honor, could you repeat that one last time for the interpreter because the equipment was not -- is faulty. Actually, may the interpreter switch the equipment?

THE COURT: Yes.

THE INTERPRETER: Thank you.

MR. HENNEKE: Judge, if I may just briefly inquire of Mr. Saucedo-Quiroz before the Court continues to make sure we have a clear record that he understood everything up to this point, any discomfort he was suffering, he still understood the Court's questions and was able to respond to them and that he's comfortable proceeding.

THE COURT: Yes. And, Mr. Aldredge, you can ask any followup questions you might have or if you have an objection to any of these questions, but it sounds to me that it's appropriate.

MR. HENNEKE: Mr. Saucedo-Quiroz, you've had a

couple of instances where the equipment may not have been working. Have you been able to hear and understand all of the Court's questions so far?

DEFENDANT SAUCEDO-QUIROZ: Yes.

MR. HENNEKE: And all of your answers to those questions are true and accurate?

DEFENDANT SAUCEDO-QUIROZ: Yes.

MR. HENNEKE: A moment ago, you were under a little bit of discomfort and you asked to sit down.

DEFENDANT SAUCEDO-QUIROZ: Yes.

MR. HENNEKE: Despite your discomfort, were you able to hear and understand all of the Court's questions?

DEFENDANT SAUCEDO-QUIROZ: Yes. The questions that were asked, I understood them all and I am -- when I asked to sit down, it's because I have discomfort. I cannot be on my feet for extended periods of time.

MR. HENNEKE: Sure I completely understand. We just want to make sure that you understood everything the Court has asked you so far. Despite your discomfort, were you able to answer the Court's questions truly and honestly?

DEFENDANT SAUCEDO-QUIROZ: Yes.

MR. HENNEKE: And now you've been seated to accommodate your -- so you're not in any discomfort. Going forward, if you have any issues with the equipment

or any discomfort, would you please let us know so we could make sure you understand all the questions the Court has for you?

DEFENDANT SAUCEDO-QUIROZ:  Yes.  That's fine.

MR. HENNEKE:  Thank you.  Thank you, your Honor.

THE COURT:  Any questions, Mr. Aldredge?

MR. HENNEKE:  No, your Honor.

THE COURT:  Very good.  Before -- I'm going to repeat what I said about your trial-related rights, but before I do that, just to be sure, we left off with our discussion about your sentencing.

Did anybody have a question about your sentencing?

DEFENDANT DHALIWAL:  No, your Honor.

DEFENDANT ROSTRO:  No, your Honor.

DEFENDANT PENA-RAMIREZ:  No, your Honor.

DEFENDANT SAUCEDO-QUIROZ:  No, sir.

THE INTERPRETER:  "No, sir."

THE COURT:  Then I will now advise you of several of your rights.  You have the right to plead not guilty. You would then be entitled to a jury trial.  You're entitled to representation by an attorney at all stages of the proceedings.  At trial, you would be presumed to be innocent.  The government would have to prove your guilt beyond a reasonable doubt.  The jury verdict would have to

be unanimous.

You would have the right to cross-examine government witnesses and to present evidence, including the right to subpoena witnesses. But you would never have to prove your innocence and you would not be required to call witnesses. Your case could include your testimony, but you would also have the right to not testify and the government cannot require you to testify. If you elected not to testify at trial, the Court would instruct the jury that they could make no inference of guilt based on that decision.

By pleading guilty, you waive your right to trial as well as the other rights I have just described. If the district court accepts your guilty plea, there will be no trial and the Court will enter a judgment of guilty and sentence you after considering a presentence report, which we will discuss further in a minute.

Do you understand that if you plead guilty, you waive your right to a jury trial and all the other rights I have just described?

DEFENDANT DHALIWAL: Yes, your Honor.

DEFENDANT ROSTRO: Yes, your Honor.

DEFENDANT PENA-RAMIREZ: Yes, your Honor.

DEFENDANT SAUCEDO-QUIROZ: Yes, sir.

THE INTERPRETER: "Yes, sir."

THE COURT:  If you plead guilty, the Court may ask you questions about your offense.  I need to advise you that if you answer those questions under oath and in the presence of your attorney and your answers are not truthful, the government could prosecute you for false statement or perjury.

The guilty pleas for the first three of you, Mr. Dhaliwal, Mr. Rostro, Mr. Perez-Ramirez, included a section called the Factual Basis which set out the facts underlying the charge that the government would intend to prove if your case had gone to trial.  You've already confirmed for me that you read and understand -- understood your plea agreement.

Can you confirm for me that that factual basis section in your guilty plea is accurate?

DEFENDANT DHALIWAL:  Yes, your Honor.

DEFENDANT ROSTRO:  Yes, sir.

DEFENDANT PENA-RAMIREZ:  Yes, your Honor.

THE COURT:  Do you have any questions concerning your factual basis?

DEFENDANT DHALIWAL:  No, your Honor.

DEFENDANT ROSTRO:  No, your Honor.

DEFENDANT PENA-RAMIREZ:  No, your Honor.

MR. ALDREDGE:  Your Honor, as to Mr. Pena-Ramirez, there's a date included in there about when

he returned to the halfway house to the Austin Transitional Center, it says February 20th. I e-mailed with Mr. Devlin and I told him that it was my belief that that might have been February the 19th and also asked for discovery on that. He was looking into it. But we both agreed that it was immaterial to the sufficiency of the factual basis so we didn't bother to change it. We're essentially awaiting for documentation from the Marshal Service and -- but I just wanted to note that.

THE COURT: Very good. Any comment from the government on that observation on the record?

MR. HENNEKE: Mostly just agreed with what Mr. Aldredge said. Mr. Devlin did inform me of that discrepancy and because it applied to Count 1, which we're dismissing, and not Count 2, which we're proceeding under, we don't believe that it's material to the plea today and that any discrepancy can be cleared up at sentencing, your Honor.

THE COURT: Very good. Thank you. Then the record will reflect those observations.

Are the facts in your factual basis true?

DEFENDANT DHALIWAL: Yes, your Honor.

DEFENDANT ROSTRO: Yes, your Honor.

DEFENDANT PENA-RAMIREZ: Yes, your Honor.

THE COURT: Mr. Henneke, will you please

summarize the factual basis for the charge against Mr. Saucedo-Quiroz?

MR. HENNEKE: Yes, your Honor.

The facts at trial would show that on or about May 3rd, 2024, here in the Western District of Texas, defendant, Mr. Saucedo-Quiroz, a non-citizen of the United States, was found in the United States after having been denied admission, excluded, deported and removed from the United States on or about February 29th, 2012, and the defendant had not obtained the consent to reapply for admission from the Attorney General of the United States or his successor, the Secretary of Homeland Security.

THE COURT: Thank you.

Mr. Saucedo-Quiroz, do you have any questions concerning the factual basis that Mr. Henneke just summarized?

DEFENDANT SAUCEDO-QUIROZ: I didn't know if I had to go talk to somebody or see somebody after I came back illegally.

THE COURT: Are the facts that Mr. Henneke set out true?

DEFENDANT SAUCEDO-QUIROZ: Yes. I was deported back then but I can't be in Mexico, and as soon as I get deported, I'm going to come back. I'm going to come back as soon as I can because they're going to kill me in

Mexico.

THE COURT: But to be clear, are the facts that Mr. Henneke said that are underlying your charge, those facts are true, correct?

DEFENDANT SAUCEDO-QUIROZ: Yes. Yes, I was deported, yes.

THE COURT: Understanding the charge, the possible penalties you face, and the rights you are giving up, how do you plead to the charge, guilty or not guilty?

DEFENDANT DHALIWAL: Guilty.

DEFENDANT ROSTRO: Guilty.

DEFENDANT PENA-RAMIREZ: Guilty.

DEFENDANT SAUCEDO-QUIROZ: Guilty.

THE INTERPRETER: "Guilty."

THE COURT: Are you pleading guilty freely and voluntarily?

DEFENDANT DHALIWAL: Yes, your Honor.

DEFENDANT ROSTRO: Yes, sir.

DEFENDANT PENA-RAMIREZ: Yes, your Honor.

DEFENDANT SAUCEDO-QUIROZ: Yes.

THE INTERPRETER: "Yes."

THE COURT: Has anyone threatened you or forced you in any manner to plead guilty?

DEFENDANT DHALIWAL: No, your Honor.

DEFENDANT ROSTRO: No, your Honor.

DEFENDANT PENA-RAMIREZ:  No, your Honor.

DEFENDANT SAUCEDO-QUIROZ:  No, sir.

THE INTERPRETER:  "No, sir."

THE COURT:  Has anyone made any promise to you other than what's in the plea agreement causing you to plead guilty?

DEFENDANT DHALIWAL:  No, sir.

DEFENDANT ROSTRO:  No, your Honor.

DEFENDANT PENA-RAMIREZ:  No, your Honor.

DEFENDANT SAUCEDO-QUIROZ:  No, sir.

THE INTERPRETER:  "No, sir."

THE COURT:  Has anyone made any promise or prediction to you as to what your sentence will be?

DEFENDANT DHALIWAL:  No, your Honor.

DEFENDANT ROSTRO:  No, your Honor.

DEFENDANT PENA-RAMIREZ:  No, your Honor.

DEFENDANT SAUCEDO-QUIROZ:  No.

THE INTERPRETER:  "No."

THE COURT:  Are you pleading guilty because you are guilty and for no other reason?

DEFENDANT DHALIWAL:  Yes, your Honor.

DEFENDANT ROSTRO:  Yes, your Honor.

DEFENDANT PENA-RAMIREZ:  Yes, your Honor.

DEFENDANT SAUCEDO-QUIROZ:  Yes, sir.

THE INTERPRETER:  "Yes, sir."

THE COURT: I find that your plea of guilty is freely and voluntarily made. You understand the nature of the charges and penalties you face. You understand your constitutional and statutory rights and choose to waive them. You are competent to enter a plea of guilty. You are satisfied with your attorney's representation in this case, and there is a factual basis for your plea. And lastly, for the three of you with plea agreements that you understand your plea agreement and agree to be bound by its terms and conditions.

I'll recommend to the district court that based on the statements you have made under oath, that your plea of guilty should be accepted.

Your case will now be referred to the U.S. Probation Office to prepare a presentence investigation report. A copy of that report will be provided to you through counsel at least 35 days before sentencing. You will then have 14 days to make written objections. Any objections that cannot be resolved between you and your attorney and the government and the probation office will be resolved by the district court before sentencing.

In your case, Mr. Dhaliwal, I understand from our Pretrial Services office that you've been in compliance with the terms of your release so absent an objection from the government, you may remain out of custody on your

original bond.  Any objection from the government?

MR. HENNEKE:  We'd defer to the Court, your Honor.  No objection.

THE COURT:  You must agree to continue to abide by the conditions governing your release and to appear for all court proceedings.

Anything else for us to address today from the government?

MR. HENNEKE:  No, your Honor.

THE COURT:  From any of the defendants?

MR. WANNAMAKER:  No, your Honor.

MR. ALDREDGE:  No, your Honor.

THE COURT:  Then you are excused.  Thank you.

(Proceedings conclude at 2:36 p.m.)

REPORTER'S CERTIFICATE

I, LILY I. REZNIK, DO HEREBY CERTIFY THAT THE FOREGOING WAS TRANSCRIBED FROM AN ELECTRONIC RECORDING MADE AT THE TIME OF THE AFORESAID PROCEEDINGS AND IS A CORRECT TRANSCRIPT, TO THE BEST OF MY ABILITY, MADE FROM THE PROCEEDINGS IN THE ABOVE-ENTITLED MATTER, AND THAT THE TRANSCRIPT FEES AND FORMAT COMPLY WITH THOSE PRESCRIBED BY THE COURT AND JUDICIAL CONFERENCE OF THE UNITED STATES, ON THIS 16th DAY OF FEBRUARY, 2026.

*Lily Iva Reznik*

~~~~~~~~~~~~~~~~~~~~~~~~
*LILY I. REZNIK, CRR, RMR*
*Official Court Reporter*
*United States District Court*
*Austin Division*
*501 West 5th Street, Suite 4153*
*Austin, Texas 78701*
*(512)391-8792*
*SOT Certification No. 4481*
*Expires: 1-31-27*

*LILY I. REZNIK, CERTIFIED REALTIME/REGISTERED MERIT REPORTER*
*U.S. DISTRICT COURT, WESTERN DISTRICT OF TEXAS (AUSTIN)*